UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

**In re:**
**Linqto, Inc., et al.,**
Debtors.
Chapter 11
Case No. 25-90186 (ARP)
(Jointly Administered)

---

## OBJECTION OF ROBERT E. CUNNINGHAM TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING USE OF ESCROWED RIPPLE SHARE PROCEEDS

To the Honorable Judge Alfredo R. Perez:

I, **Robert E. Cunningham**, a beneficial owner of units in Special Purpose Vehicles (SPVs) formed and managed by Linqto, Inc., respectfully submit this objection to the Debtors' motion titled:

**"Debtors' Motion for Entry of an Order (I) Authorizing the Use of Escrowed Ripple Share Proceeds, (II) Granting Related Relief"**
Filed as **Docket No. 79**, scheduled for hearing on **August 5, 2025**.

As a party in interest under 11 U.S.C. § 1109(b), I object to the use of escrowed funds derived from Ripple's repurchase of pre-IPO shares, for the reasons set forth below:

---

### 1. The Funds Do Not Belong to the Estate

The approximately $18.8 million at issue came from Ripple's repurchase of shares held within SPVs that were purchased by customers like myself. Linqto acted as the manager and facilitator of these SPVs, not the beneficial owner of the underlying shares. The escrow account was created to hold repurchase proceeds on behalf of the rightful investors — not to fund the Debtors' bankruptcy proceedings. These funds are not part of the Debtors' estate.

### 7. Debtors Have Access to Other Funding

The Debtors already have access to up to **$60 million in DIP financing**, as approved by the Court. If funds are needed for operating or legal expenses, those resources should be drawn from first — not investor-protected funds. The Debtors' argument of financial necessity is unpersuasive given this alternative.

### Conclusion

For the reasons stated above, I respectfully request that the Court deny the Debtors' Motion to use the escrowed Ripple share proceeds (Docket No. 79) until ownership of those funds is properly adjudicated and investor claims are resolved.

I am not currently requesting oral argument but reserve the right to appear at the August 5, 2025 hearing should the Court find it appropriate.

**Respectfully submitted,**

/s/ Robert E. Cunningham
580 Owens Farm Road
Milton, Georgia 30004
Rob@xinnix.com
404-518-2481

**Dated:** July 29, 2025

Signature: *[signature]*   Date: July 30, 2025

*[Notary seal: Kelli E Michie, Notary Public, Cherokee County, GA, Exp. May 18, 2027]*

Kelli E. Michie
07/30/2025
Alpharetta, GA

UPS shipping label

ROBERT CUNNINGHAM, JR
(404) 518-2481
THE UPS STORE #2774
STE 202
12460 CRABAPPLE RD
ALPHARETTA GA 30004-6846

SHP WT: LTR
DATE: 30 JUL 2025
0.1 LBS LTR

SHIP TO:
CLERK S OFFICW
(713) 250-5500
US BANKRUPTCY COURT, CASE 25-90186
515 RUSK ST
STE 5300
HOUSTON TX 77002-2607

UPS NEXT DAY AIR
TRACKING #: 1Z E7F 153 01 2636 2632

TX 775 9-02
1

BILLING: P/P
REF #1: 07302SKCM

International Shipping Notice

US BANKRUPTCY COURT, CASE 25-90
515 RUSK ST
STE 5300
HOUSTON TX 77002

P: WALL    S: WALL    I: 429
429-1022
1ZE7F153012636   2632   1030
DATAACQROOF   07:54:35 2025